-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STANISLAV HODOVANYUK, A88744357,

        Petitioner,

    -v-

JULIE MYERS, Assistant Secretary for the Department
of Homeland Security and U.S. Immigration and
Customs Enforcement and U.S. Citizenship & Imiigration
Services Division of Department of Homeland Security, and
THE UNITED STATES OF AMERICA,

        Respondents.

DECISION AND ORDER
08-CV-0537F

---

    Petitioner, Stanislav Hodovanyuk, by his attorney, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, challenging his continued administrative custody/detention pending removal. (Docket No. 1).[1] Respondents have filed a motion to dismiss the petition as moot inasmuch as Petitioner's removal from the United States was effected on or about September 12, 2008, by the Department of Homeland Security, following the submission by Petitioner of a Request for Dissolution of Credible Fear Process, dated August 8, 2008. (Docket No. 4, Affidavit of Gail Mitchell, Esq., ¶¶ 5-6, Exhs. A and B). Respondents' counsel has submitted a copy of both the Request for

---

[1] Petitioner did not challenge his final order of removal nor seek a stay of removal in this Court. (Docket No. 1, Petition). See, e.g., Sikder v. Gonzalez, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col., April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); Morillo v. DHS & BICE Detention Center, No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); Aime v. Department of Homeland Security, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.")

Dissolution of Credible Fear Process and Notice to Alien Order Removed/Departure Notification, verifying Petitioner's removal on September 12, 2008. (*Id.*, Exhs. A and B.)

Accordingly, in light of the fact that Petitioner's removal has been effected and that the relief requested in the petition has been granted, *i.e.*, release from detention, Respondents' motion to dismiss the petition is granted and the petition is dismissed.

SO ORDERED.

Dated:   SEPT. 29, 2008
Rochester, New York

*Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge